IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAURA M. SHIPLEY,

    Plaintiff

v.      CIVIL NO. JKB-11-1449

AUTO SHOWCASE OF BELAIR,
INC., *et al.*,

    Defendants

## MEMORANDUM AND ORDER

### I. *Background*

Pending before this Court is Plaintiff's Motion for Default Judgment (ECF No. 27) against Defendant Greg Chilton. Plaintiff alleges that, following the entry of default against Mr. Chilton on September 23, 2011 (ECF No. 25), Mr. Chilton has not filed a motion to vacate the entry of default. (Pl.'s Mot. Default J 1.) Mr. Chilton only responded to the Motion on November 22, 2011, several days late. (Def. Chilton's Opp. Default J, ECF No. 30, at 1.) Plaintiff's Reply was due on December 9 and has not been filed. This motion is therefore ripe. No hearing is necessary. D. Md. Loc. R. 105.6. The motion is DENIED.

### II. *Analysis*

Plaintiff alleges that Mr. Chilton, in his position as General Manager of Defendant Auto Showcase of Belair ("Auto Showcase"), conspired with the other Defendants first to sell Plaintiff a car that was unfit for driving and then to refuse to honor the warranty on the car or rescind the contract of sale. (*See* Compl., ECF No. 1, at 2–8, 20.) According to Mr. Chilton, he "was a former employee of Defendant Auto Showcase of Bel Air, Inc." when he was served with the

1

Summons and Complaint and "has become re-employed by Auto Showcase of Bel Air, Inc." since that time. (Def.'s Opp. 1.) Mr. Chilton alleges that he "had no counsel or access to counsel" while he was a "former employee" of Auto Showcase and asserts that counsel for Auto Showcase will represent Mr. Chilton as well. (*Id.*)

In light of the parties' impending settlement conference and of the offer by counsel for Auto Showcase to represent Mr. Chilton, the Court finds that entry of a default judgment against Mr. Chilton would not be appropriate at this time. Although Mr. Chilton's failure to retain counsel during his period as a "former employee" does not excuse his alleged default, Mr. Chilton's Opposition to Plaintiff's Motion for Default Judgment demonstrates that Mr. Chilton is prepared to participate in this litigation.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Default Judgment (ECF No. 27) is DENIED. Defendant Chilton is ORDERED to file a responsive pleading no later than January 3, 2012. The Clerk is DIRECTED to vacate the default entered against Greg Chilton on September 23, 2011 (ECF No. 25).

DATED this __19__ day of December, 2011.

BY THE COURT:

_____
James K. Bredar
United States District Judge